UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                                                          Case No. 25-18613-BKC-PDR
                                                                                Chapter 13
ROBERT ALLEN GIBSON.

_____Debtor_____/

## VERIFIED EMERGENCY MOTION TO IMPOSE THE AUTOMATIC STAY
### BASIS FOR EXIGENCY

**This Motion must be heard within 30-days from the day of filing.**

COMES NOW the Debtor, ROBERT ALLEN GIBSON, by and through his undersigned attorney, moves this Honorable Court to extend the Automatic Stay pursuant to §362(c)(3)(B). As grounds for this request, the Debtor states:

1. Pursuant to §362(c)(3)(A) the automatic stay will terminate as to the Debtor's creditors on August 27, 2025.

2. §362(c)(3)(B) states in part:

on the motion of a party in interest for continuance of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period...

3. Therefore, a hearing must be heard on or before August 27, 2025.

4. On August 15, 2023, the Debtor filed a Chapter 13 case under case number 23-16430-MAM.

5. However, due to procedural errors by Debtor, on November 8, 2024, the case was ultimately dismissed on Trustee's Request for Order Dismissing Case Upon Denial of Confirmation of Plan (DE 164).

6. Subsequently, circumstances significantly changed and by that time, Debtor primarily resided in Broward County, as the sole caregiver for his 92-year-old mother.

7. Accordingly, on April 14, 2025, the Debtor, *pro se*, refiled a Chapter 13 petition under case number 25-14047-SMG.

8.   Debtor soon discovered that electronic filing was unavailable to *pro se* Debtors, and that he would have to travel forty-five minutes each way to hand file at the counter.

9.   Although posted closing time for Ft. Lauderdale Federal Court Clerk is 4:30 p.m., Debtor arrived fifteen (15) minutes late for the Ft. Lauderdale Federal Court Bankruptcy Clerk's office which closes at 4:00 p.m.

10.   Upon returning the next morning, Debtor was informed that his case had been dismissed (DE 14) for failing to meet the prior day's deadline.

11.   Debtor filed his delinquent schedules along with a motion to reinstate his bankruptcy which was set for hearing the following month.

12.   At the hearing, Debtor was advised that although he believed he had handed his chapter 13 plan to the clerk along with his schedules, and that his deficiencies were acknowledged as satisfied by the deputy clerk, the plan had, in fact, not been filed.

13.   Further, Judge Grossman advised Debtor that he was doing him a favor by denying his motion to reinstate as Debtor had neglected to timely file a motion to impose automatic stay, and that there no longer remained time to do so in that case.  However, he could refile and move timely to impose the stay.

14.   Debtor has filed in good faith and believes that his situation fits squarely within the intended purpose of Chapter 13 bankruptcy, to allow Debtor's protection while he marshals his resources to efficiently retire legitimate debt owed to his creditors.

WHEREFORE, the Debtor requests this Court enter an Order imposing the Stay to extend to all creditors.

**VERIFICATION PURSUANT TO LOCAL RULE 4001-1 (L):**

I, Robert Allen Gibson, state that the above facts are true and correct and that I am filing this case in good faith.


Robert Allen Gibson

Dated: August 15, 2025

LAW OFFICES OF MICHAEL H. JOHNSON
Attorneys for Debtor(s)
800 W. Cypress Creek Rd., Ste 502
Ft. Lauderdale, FL  33309
(954) 535-1131

By: /s/ Michael H. Johnson
    Michael H. Johnson
    Florida Bar No. 0149543

I HEREBY CERTIFY THAT I AM ADMITTED TO THE BAR OF
THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF FLORIDA AND I AM IN COMPLIANCE WITH THE
ADDITIONAL QUALIFICATIONS TO PRACTICE IN THIS COURT
SET FORTH IN  LOCAL RULE 2090-1(A).