UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

*In re:*

**ROBERT ALLEN GIBSON,**

    **Debtor.**

_____/

CASE NO. 25-18613-PDR
CHAPTER 13

## AMENDED MOTION FOR COMFORT ORDER, OR ALTERNATIVELY, MOTION FOR RELIEF FROM STAY

COMES NOW, U.S. BANK N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR IN INTEREST TO LASALLE BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA5 ("U.S. BANK") and moves this Court for a comfort Order, or in the alternative, an Order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d), and states as follows:

1.    On July 28, 2025, Debtor ROBERT ALLEN GIBSON ("Debtor") filed a Chapter 13 petition for relief under the United Stated Bankruptcy Code.

2.    Debtor is the assignee of Final Default Judgment against Defendant Jeffrey M. Siskind, Esq. ("Siskind") recorded on May 25, 2018, in Official Records Book 29879, Page 1613 in the Public Records of Palm Beach County, Florida ("Judgment"). The Acknowledgment of Assignment of Judgment was recorded on recorded on August 24, 2018, in Official Records Book 30081, Page 1022 in the

Public Records of Palm Beach County, Florida ("Assignment"). The Judgment and Assignment are attached as Exhibit "A". The Debtor has identified the Judgment on his Official Form 106A/B filed in this case on August 15, 2025, within section 30.

3. U.S. BANK has filed a mortgage foreclosure action in the Circuit Court for Palm Beach County, Florida with case number 2023-CA-014179 ("Foreclosure Action") on September 27, 2023. In the Foreclosure Action, Siskind is named as the borrower under the subject Note and Mortgage, as modified, and Debtor was named for his junior interest related to the Judgment and Assignment.

4. U.S. BANK is the present owner and holder of the Note and Mortgage, as modified, that is the subject of the Foreclosure Action in accordance with §673.3011, Fla. Stat. and Fla.R.Civ.Pro. 1.120(a). A copy of the subject Note, Mortgage and Loan Modification are attached as Exhibit "B".

5. The Mortgage is secured by the real property located in Palm Beach County, Florida and is commonly known as 3465 Santa Barbara Dr., Wellington, FL 33414. ("Property"). The legal description for the Property is as follows:

> LOT 1, PHASE I OF SOUTHFIELDS OF PALM BEACH POLO AND COUNTRY CLUB - WELLINGTON COUNTRYPLACE - P.U.D., ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 39, PAGE 19, PUBLIC RECORDS OF PALM BEACH COUNTY, FLORIDA.

6. The current title owner of the subject property, and the title owner at the time of filing the Foreclosure Action, is Second Siskind Family Trust, who

received title via a Warranty Deed from Siskind which was recorded on April 16, 2012 in Official Records Book 25138, Page 1201 in and for Palm Beach County, Florida.  A copy of the Warranty Deeds are attached hereto as Exhibit "C".

7. A review of the Mortgage shows it was recorded on June 1, 2007, more than 11 years before Debtor acquired his *voluntary* interest to the Judgment against Siskind.  "[T]he applicable rule governing priority of lien interests is first in time is first in right." *Holly Lake Ass'n v. Fed. Nat'l Mortg. Ass'n*, 660 So. 2d 266, 268 (Fla. 1995) (citation and internal quotation marks omitted); § 695.01(1), Fla. Stat. (2020). "The recording of the mortgage affords notice thereof to all concerned, and gives it priority over all liens accruing thereafter." *People's Bank of Jacksonville v. Arbuckle*, 82 Fla. 479, 90 So. 458, 460 (1921); *see also Bank of Am., N.A. v. Kipps Colony II Condo. Ass'n, Inc*., 201 So. 3d 670, 675 (Fla. 2d DCA 2016) (citing § 718.116(5)(a), Florida Statutes, to find that a bank's first mortgage was superior to a condominium association's liens and voiding the trial court's judgment stating otherwise).

8. Debtor does not have any legal or equitable title interest in the Property, and upon information or belief, does he have a possessory interest in the Property. It is U.S. BANK'S position that the "total absence of any legal or equitable property interest in the title to the Property means that it is not a part of the bankruptcy estate for purposes of shielding it from foreclosure by way of the automatic stay." *In re*

3

*Ross*, 2019 Bankr. LEXIS 357, 2019 WL 480269 (Bankr. M.D. Miss. 2019). This is confirmed by the Debtor on his Form 106A/B filed on August 15, 2025, section 1, whereat the Debtor does NOT list the Property as one that he has a "legal or equitable interest" in.

9. Further, on November 21, 2025, this Court entered an Order confirming the Debtor's Chapter 13 Plan, a Plan that is silent as to U.S. BANK and the Property that is subject of the Foreclosure Action.

10. On December 4, 2025, U.S. BANK was ordered to file this motion within this bankruptcy case seeking confirmation/clarification from the bankruptcy court on whether or not the Foreclosure Action is stayed. *See, e.g., In re Hill*, 364 B.R. 826, 828 (Bankr. M.D. Fla. 2007) ("Comfort orders serve a valuable purpose. The Orders are entered primarily for a third party's benefit, often to help a sister state court attempting to determine whether it can proceed with a pending action, such as a foreclosure."). A copy of the state court Order is attached hereto as Exhibit "D".

11. U.S. BANK's security interest in the Property is being significantly jeopardized while U.S. BANK is prevented from seeking its legal remedies to protect its interest in the State Court foreclosure action. U.S. BANK has no protection against erosion of its collateral position, and no other form of adequate protection is provided.

12. If U.S. BANK is not permitted to enforce its security interest in the

collateral by proceeding with the Foreclosure Action, or be provided with adequate protection, it will suffer irreparable injury, loss and damage.

13. U.S. BANK respectfully requests that this Court enter a comfort order confirming/clarifying the effect of the stay on the Foreclosure Action, and if necessary, further enter an order granting U.S. BANK relief from Automatic Stay in this action pursuant to §362(d)(1) of the U.S. Bankruptcy Code, for cause, specifically for lack of adequate protection to U.S. BANK for its interest in the above stated collateral. U.S. BANK additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the US Bankruptcy Code, as the above referenced "collateral" is unnecessary to an effective reorganization of the Debtor's assets.

14. U.S. BANK is seeking in rem relief and does not seek in personam relief.

15. Debtor has no ability to insure, preserve, or protect the collateral as he has no legal or equitable title interest in the Property; therefore, U.S. BANK requests that this Court waive the 14-day stay period under Fed.R.Bankr.P. 4001(a)(3).

16. U.S. BANK has incurred attorney's fees and court costs due to this proceeding and has and will occur additional future fees and costs for its foreclosure action for the Property, all additional sums are secured by the Mortgage. U.S. BANK seeks an award of its reasonable attorney's fees and costs, or alternatively, leave to seek reasonable fees and costs in the foreclosure action.

WHEREFORE, interested party, U.S. BANK N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, N.A., SUCCESSOR IN INTEREST TO LASALLE BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE WAMU MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-OA5, moves this court for a comfort Order confirming/clarifying whether or not the Foreclosure Action is stayed, or in the alternative, an Order terminating the automatic stay under 11 U.S.C. § 362(d) allowing U.S. BANK to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14 day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorney's fees and costs incurred in this proceeding, and to any such further relief as this Court deems just and proper.

      /s/ Wendy Griffith
Wendy Griffith, Esq.
FLORIDA BAR#: 72840
610 Crescent Exec. Ct., Suite 112
Lake Mary, FL 32746
Telephone: 407-815-3110
Email: wgriffith@bitman-law.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on December 12, 2025, I electronically filed the foregoing with the Clerk of Court by using the NextGen CM/ECF System, which will send a notice of electronic filing to all NextGen CM/ECF participants:

United States Trustee – 51 SW 1st Ave., Suite 1204, Miami, FL 33130

Michael Johnson, Esq. – Law Offices of Michael H. Johnson, 800 W. Cypress Creek Rd., Ste 502, Ft. Lauderdale, FL 33309

/s/ Wendy Griffith
Wendy Griffith, Esq.
FLORIDA BAR#: 72840
610 Crescent Exec. Ct., Suite 112
Lake Mary, FL 32746
Telephone: 407-815-3110
Email: wgriffith@bitman-law.com